UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Honorable Michael A. Shipp, U.S.D.J. <br><br> Civil Action No. 16-7321(MAS)(LHG) <br><br> **Electronically Filed** <br><br> **Oral Argument Requested** <br><br> Return Date: September 5, 2017 |
| MSD TORCHLIGHT PARTNERS, L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7324(MAS)(LHG) |
| BLUEMOUNTAIN FOINAVEN MASTER FUND L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7328(MAS)(LHG) |

| | |
|---|---|
| INCLINE GLOBAL MASTER LP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7494(MAS)(LHG) |
| VALIC COMPANY I, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7496(MAS)(LHG) |
| JANUS ASPEN SERIES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7497(MAS)(LHG) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT HOWARD B. SCHILLER'S OMNIBUS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

| | |
|---|---|
| **OF COUNSEL** | James S. Richter |
| Robert Y. Sperling | Melissa Steedle Bogad |
| Joseph L. Motto | WINSTON & STRAWN LLP |
| WINSTON & STRAWN LLP | The Legal Center |
| 35 West Wacker Drive | One Riverfront Plaza, Suite 730 |
| Chicago, Illinois 60601 | Newark, New Jersey 07102 |
| (312) 558-5600 | 973) 848-7645 |

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

*Counsel for Defendant Howard B. Schiller*

## **TABLE OF CONTENTS**

**Page**

I. Introduction ........................................................................................................................ 1

II. Plaintiffs' Section 18 and Negligent Misrepresentation Claims Should Be Dismissed ........................................................................................................................... 2

    A. Plaintiffs Have Not Sufficiently Pled Reliance ....................................................... 2

    B. Plaintiffs' Negligent Misrepresentation Claim is Invalid ....................................... 2

    C. Section 18's Three-Year Statute of Repose Bars Plaintiffs' Purchases from More Than Three Years Prior to the Filing of the Complaints ............................... 3

    D. Schiller Cannot Be Held Liable for Alleged Misstatements in Valeant's Form 10-Qs for the Second and Third Quarters of 2015 ......................................... 3

III. Plaintiffs' Section 10(b)/Rule 10b-5 Claims Should Be Limited to Exclude Purchases Made After October 30, 2015, Because Plaintiffs Cannot Plead or Establish Reliance as to Those Purchases ............................................................................ 5

IV. Conclusion .......................................................................................................................... 5

NO

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Able Labs Sec. Litig.*,
   No. 05-2681 (JAG), 2008 WL 1967509 (D.N.J. Mar. 24, 2008) .............................................4

*In re Alstom SA*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005)..................................................................................2

*CALPERS v. ANZ Sec., Inc.*,
   137 S. Ct. 2042 (2017)..........................................................................................................3

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
   784 F. Supp. 2d 508 (D.N.J. 2011) ....................................................................................1, 4

*In re Exxon Mobil Corp. Sec. Litig.*,
   500 F.3d 189 (3d Cir. 2007)..................................................................................................3

*IMPAC Secured Assets Corp. v. SNR Denton US LLP*,
   No. CV12-1612 MRP (JCX), 2013 WL 12139422 (C.D. Cal. Feb. 13, 2013).....................1, 4

*Janus Capital Group, Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011)..................................................................................................1, 4, 5

*Kaufman v. I-Stat Corp.*,
   165 N.J. 94 (2000) ................................................................................................................3

*Klawonn v. YA Global Investments, L.P.*,
   No. 10-2108 (KM), 2016 WL 5923435 (D.N.J. May 6, 2016)..................................................3

*Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*,
   Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039 (D.N.J. Feb. 5, 2015) ......................2

*Semerenko v. Cendant*,
   223 F.3d 165 (3d Cir. 2000)..................................................................................................5

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014)......................................................................................2

*In re Stone & Webster, Inc. Sec. Litig.*,
   253 F. Supp. 2d 102 (D. Mass. 2003) ....................................................................................4

*In re Suprema Specialties, Inc. Sec. Litig.*,
   438 F.3d 256 (3d Cir. 2006)..................................................................................................2

**Statutes**

15 U.S.C. § 78bb(f)(5)(B)(ii) ................................................................................................3

15 U.S.C. § 78r ....................................................................................................................4

15 U.S.C. § 78r(a) ...............................................................................................................1

15 U.S.C. § 78r(c) ...............................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................................................2

**I.     Introduction**

Defendant Howard B. Schiller hereby joins and incorporates by reference the arguments and authority cited in the Omnibus Reply Brief in Support of Valeant's Partial Motions to Dismiss Plaintiffs' Complaints.  As set forth in Valeant's brief, Plaintiffs' opposition does not repair the pleading defects associated with their Section 18 and negligent misrepresentation claims, and Plaintiffs' attempt to recast the Section 18 statute of repose as a limitations period so as to artificially expand their alleged damages is foreclosed by controlling authority.

Schiller additionally submits this brief to refute Plaintiffs' specious charge that he can be held liable for alleged violations of Section 18 and negligent misrepresentation in relation to Valeant's Form 10-Qs for the second and third quarters of 2015 merely for being a Valeant director at the time of those filings.  *See* Opp. at 17 n.4.[1]  Liability under Section 18 attaches only to persons who "make or cause to be made" the alleged misstatement, 15 U.S.C. § 78r(a), and negligent misrepresentation claims are likewise limited to defendants who actually "make" an alleged misrepresentation.  *See, e.g.*, *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011).  Schiller cannot be held liable as one who "made" or "caused to be made" Form 10-Q filings that he did not sign, and as to which Plaintiffs have not alleged he exercised any authority or control, simply due to his status as a director.  *See Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011); *IMPAC Secured Assets Corp. v. SNR Denton US LLP*, No. CV12-1612 MRP (JCX), 2013 WL 12139422, at *4 (C.D. Cal. Feb. 13, 2013).

Finally, as set forth in Valeant's brief, Plaintiffs cannot establish the reliance element of their Section 10(b)/Rule 10b-5 claims as to purchases made after October 30, 2015, because by

---

[1] Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss, Dkt. Entry No. 47 in the *Discovery Global* matter, No. 3:16-cv-07321-MAS-LHG, is cited herein as "Opp."

that time, Valeant had already disclosed its relationship with Philidor and other information sufficient to reveal to the market that which Plaintiffs claim Valeant had omitted or misstated.

For those reasons and the others set forth in greater detail below, Schiller's Omnibus Partial Motion to Dismiss Plaintiffs' Complaints should be granted.

## II. Plaintiffs' Section 18 and Negligent Misrepresentation Claims Should Be Dismissed

### A. Plaintiffs Have Not Sufficiently Pled Reliance

Plaintiffs contend that their Complaints allege actual reliance sufficient to plead a Section 18 claim by identifying Valeant's allegedly misleading statements, separately listing Plaintiffs' purchases of Valeant stock over the years, and then alleging in sweeping fashion that all of the various purchases were made in reliance on whichever Valeant statements had been published to the market at the time of the purchase. Opp. at 13, 15-16. *Suprema*, however, held that Section 18 plaintiffs must plead facts describing a "causal nexus between their purchase of securities and specific statements contained in the SEC filings," *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284 (3d Cir. 2006), which must be done with particularity in satisfaction of Rule 9(b), *In re Alstom SA*, 406 F. Supp. 2d 433, 483 n.45 (S.D.N.Y. 2005), and which Plaintiffs have not done by simply identifying statements and listing purchases. *See Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 439 (S.D.N.Y. 2014).

### B. Plaintiffs' Negligent Misrepresentation Claim is Invalid

Plaintiffs do not dispute that their negligent misrepresentation claim rests on the same deficient allegations of reliance as their Section 18 claim, *see* Opp. at 28, and thus that claim fails for the same reasons. Nor is negligent misrepresentation a cognizable claim under New Jersey law within the context of securities investments like those alleged here, as confirmed by *Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*, Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039, at *6 (D.N.J. Feb. 5, 2015). Plaintiffs fail to distinguish *Prudential* and cannot

undermine its holding through their citation to decades-old cases, *see* Opp. at 28-29, which preceded the Supreme Court of New Jersey's decision in *Kaufman* that confirms the legitimacy of *Prudential*'s holding.  *See Kaufman v. I-Stat Corp.*, 165 N.J. 94 (2000).  Further, as described in Valeant's brief, Plaintiffs cannot avoid preemption under SLUSA simply by resisting formal consolidation of these actions with the class action or other individual actions pending before the Court, *see* Opp. at 26-27, and their argument that SLUSA encompasses only cases that are formally joined or consolidated, *see id.* at 24-25, ignores and would render superfluous the clear language of the statute, which applies to cases that are "joined, consolidated, or otherwise proceed[ing] as a single action for any purpose."  *See* 15 U.S.C. § 78bb(f)(5)(B)(ii).

**C.     Section 18's Three-Year Statute of Repose Bars Plaintiffs' Purchases from More Than Three Years Prior to the Filing of the Complaints**

Concerning Plaintiffs' purchases made more than three years prior to the filing of the complaints, *CALPERS v. ANZ Sec., Inc.*, did not abrogate the established authority in this Circuit holding that 15 U.S.C. § 78r(c) provides a three-year statute of repose, not a limitations period subject to *American Pipe* tolling.  137 S. Ct. 2042 (2017); *see In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 200 (3d Cir. 2007); *Klawonn v. YA Global Investments, L.P.*, No. 10-2108 (KM), 2016 WL 5923435, at *7 (D.N.J. May 6, 2016).  This means that such purchases cannot form the basis for a Section 18 claim.  To the contrary, *CALPERS* clarified that where, as here, a statute provides a one year/three year limit, the three-year limit should be construed as a rule of repose, thus "protect[ing] the defendant from an interminable threat of liability."  CALPERS, 137 S. Ct. at 2049-2050.

**D.     Schiller Cannot Be Held Liable for Alleged Misstatements in Valeant's Form 10-Qs for the Second and Third Quarters of 2015**

Lastly, on the assumption they have properly pled their Section 18 and negligent misrepresentation claims (which they have not), Plaintiffs erroneously assert in a footnote, without citation to case authority, that Schiller can be held liable for those claims as they relate to Valeant's

Form 10-Q filings for the second and third quarters of 2015, though Schiller was no longer Valeant's CFO when those filings were made, merely by virtue of the fact that he sat on Valeant's board of directors. *See* Opp. at 17 n.4. Plaintiffs' position is unfounded.[2]

Section 18 liability applies only to those "person[s] who shall make or cause to be made" the allegedly misleading statements. 15 U.S.C. § 78r. A negligent misrepresentation claim likewise requires the plaintiff to plead, *inter alia*, that "the defendant made" the alleged misrepresentation. *See, e.g.*, *Dist. 1199P Health & Welfare Plan*, 784 F. Supp. 2d at 532. In *Janus*, the Supreme Court construed the "maker" of a statement to be one "with ultimate authority over the statement, including its content and whether and how to communicate it," *Janus Capital Group, Inc.*, 564 U.S. at 142, foreclosing any argument that Schiller "made" the statements in the Form 10-Qs, as Plaintiffs do not allege—even in conclusory fashion—that Schiller exercised any authority over those filings. *See, e.g., Janus* Am Compl., Dkt. Entry No. 31 ¶ 46 (noting Schiller resigned as CFO on June 30, 2015, before the July and October 2015 filings of the second and third quarter 2015 Form 10-Qs); *id*. ¶¶ 314-17 (making allegations as to the Form 10-Qs for second and third quarters of 2015, but not alleging Schiller signed, authored, approved, or contributed in any manner to those filings). By the same token, Plaintiffs have made no allegations describing that Schiller "caused" the making of the statements in the Form 10-Qs. *See IMPAC Secured Assets Corp.*, 2013 WL 12139422 at *4 (dismissing Section 18 claim on holding that defendant could not

---

[2] Indeed, as noted in Schiller's opening brief, Plaintiffs cannot under any circumstance maintain Section 18 claims for the allegedly misleading statements in Part I of Valeant's Form 10-Qs. *See In re Stone & Webster, Inc. Sec. Litig.*, 253 F. Supp. 2d 102, 135 (D. Mass. 2003) ("[P]laintiffs may not proceed with a section 18 claim based on any disclosures contained in [defendant]'s quarterly reports on Form 10-Q."); *In re Able Labs Sec. Litig.*, No. 05-2681 (JAG), 2008 WL 1967509, at *25 (D.N.J. Mar. 24, 2008) ("SEC regulations specifically exempt certain filings from the provisions of § 18—such as . . . part I of Form 10-Q. . . ."). Plaintiffs cite no authority to support their contention that the alleged misstatements in the Form 10-Qs are not protected by the safe harbor. *See* Opp. at 17 n.4.

have "caused to be made" misleading statement where complaint did not allege defendant drafted or prepared the document in question).

Consequently, Plaintiffs' Section 18 and negligent misrepresentation claims must be dismissed as to Schiller to the extent they concern Valeant's second and third quarter Form 10-Qs.

### III. Plaintiffs' Section 10(b)/Rule 10b-5 Claims Should Be Limited to Exclude Purchases Made After October 30, 2015, Because Plaintiffs Cannot Plead or Establish Reliance as to Those Purchases

As explained in Valeant's brief, Plaintiffs fail to distinguish the Third Circuit's holding in *Semerenko* that the disclosure of potential accounting irregularities and the formation of a board committee to perform an independent investigation was sufficient to establish a truth on the market defense, foreclosing fraud-on-the-market reliance with respect to purchases made after that time, notwithstanding that the defendant only later issued a financial restatement. *Semerenko v. Cendant*, 223 F.3d 165, 170-71, 181 (3d Cir. 2000). Such was the case here, where by October 30, 2015, according to Plaintiffs' complaints, *see, e.g.*, *Janus* Am. Compl. ¶¶ 168, 213, and Ex. 24, Valeant had disclosed its relationship with Philidor and the initiation of an independent investigation concerning that relationship and related accounting practices. Therefore, the *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Plaintiffs' Section 10(b)/Rule 10b-5 claims should be limited to exclude purchases made after October 30, 2015.

### IV. Conclusion

For the foregoing reasons, Schiller respectfully requests that the Court dismiss Count I of the *Discovery Global*, *BlueMountain*, *VALIC*, and *Janus* Complaints for alleged violations of Section 10(b)/Rule 10b-5 to the extent those claims concern securities purchases made after October 30, 2015, and dismiss in their entirety Counts III and IV of Plaintiffs' Complaints for alleged violations of Section 18 and negligent misrepresentation.

        WINSTON & STRAWN LLP
*Counsel for Defendant Howard B. Schiller*

By: <u>s/ Melissa Steedle Bogad</u>
    James S. Richter
    jrichter@winston.com
    Melissa Steedle Bogad
    mbogad@winston.com

Dated: August 25, 2017

**OF COUNSEL:**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

## **CERTIFICATION OF SERVICE**

I certify that on this 25th day of August, 2017, the foregoing Reply Brief was electronically filed and served upon counsel for Plaintiffs by notice of electronic filing.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*s/ Melissa Steedle Bogad*
Melissa Steedle Bogad
mbogad@winston.com

Dated: August 25, 2017