**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7321 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |
| MSD TORCHLIGHT PARTNERS, L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7324 (MAS) (LHG) |
| BLUEMOUNTAIN FOINAVEN MASTER FUND, L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 16-7328 (MAS (LHG) |

| | |
|---|---|
| INCLINE GLOBAL MASTER LP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Civil Action No. 16-7494 (MAS) (LHG) |
| VALIC COMPANY I, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Civil Action No. 16-7496 (MAS) (LHG) |
| JANUS ASPEN SERIES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Civil Action No. 16-7497 (MAS) (LHG) |

**SHIPP, District Judge**

    This matter comes before the Court on eighteen partial Motions to Dismiss in the above matters by Defendants Valeant Pharmaceuticals International, Inc. ("Valeant"), J. Michael Pearson

("Pearson"), and Howard B. Schiller ("Schiller") (collectively, "Defendants").[1] Plaintiffs[2] opposed[3] (ECF No. 47)[4] and Valeant and Schiller replied (ECF Nos. 53, 54).[5]

---

[1] The following motions are currently before the Court:
1. *Discovery Global Citizens Master Fund, LTD., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, Civil Action No. 16-7321 ("*Discovery Global*"): Partial Motion to Dismiss by Valeant (ECF No. 37).
2. *Discovery Global*: Partial Motion to Dismiss by Schiller (ECF No. 38).
3. *Discovery Global*: Partial Motion to Dismiss by Pearson (ECF No. 39).
4. *MSD Torchlight Partners, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, Civil Action No. 16-7324 ("*MSD Torchlight*"): Partial Motion to Dismiss by Valeant (ECF No. 37).
5. *MSD Torchlight*: Partial Motion to Dismiss by Schiller (ECF No. 38).
6. *MSD Torchlight*: Partial Motion to Dismiss by Pearson (ECF No. 39).
7. *BlueMountain Foinaven Master Fund L.P. et al. v. Valeant Pharmaceuticals International, Inc., et al.*, Civil Action No. 16-7328 ("*BlueMountain*"): Partial Motion to Dismiss by Valeant (ECF No. 37).
8. *BlueMountain*: Partial Motion to Dismiss by Schiller (ECF No. 38).
9. *BlueMountain*: Partial Motion to Dismiss by Pearson (ECF No. 39).
10. *Incline Global Master LP et al. v. Valeant Pharmaceuticals International, Inc., et al.*, Civil Action No. 16-7494 ("*Incline Global*"): Partial Motion to Dismiss by Valeant (ECF No. 38).
11. *Incline Global*: Partial Motion to Dismiss by Schiller (ECF No. 39).
12. *Incline Global*: Partial Motion to Dismiss by Pearson (ECF No. 40).
13. *VALIC Company I, et al. v. Valeant Pharmaceuticals, International, Inc., et al.*, Civil Action No. 16-7496 ("*VALIC*"): Partial Motion to Dismiss by Valeant (ECF No. 38).
14. *VALIC*: Partial Motion to Dismiss by Schiller (ECF No. 39).
15. *VALIC*: Partial Motion to Dismiss by Pearson (ECF No. 40).
16. *Janus Aspen Series, et al. v. Valeant Pharmaceuticals International, Inc.*, Civil Action No. 16-7497 ("*Janus*"): Partial Motion to Dismiss by Valeant (ECF No. 46).
17. *Janus*: Partial Motion to Dismiss by Schiller (ECF No. 47).
18. *Janus*: Partial Motion to Dismiss by Pearson (ECF No. 48).

[2] The term "Plaintiffs" refers to all Plaintiffs in each of the actions, unless otherwise specified.

[3] Plaintiffs submitted one omnibus brief on behalf of all Plaintiffs. The same omnibus brief was filed in each action.

[4] Based on the parties' agreement to designate *Janus* as the "lead case" (*See* April 12, 2017 Am. Stipulation and Order, ECF No. 28), record citations refer to *Janus* unless otherwise specified.

[5] Valeant and Schiller also each submitted the same omnibus moving and reply briefs in each of the matters.

The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are: (i) **DENIED** as to Count I; (ii) **DENIED** as to Count III; and (iii) **GRANTED** as to Count IV. In addition, Defendant Pearson's Motions to limit the scope of Count II are **DENIED** and Defendant Schiller's Motions to limit the scope of Counts III and IV in *BlueMountain*, *VALIC*, and *Janus* are **DENIED**.

## I. Background

Plaintiffs in this matter are investment funds that purchased Valeant securities between 2013 and 2016. (Am. Compl. ¶ 12, ECF No. 31.) These are direct actions arising out of the same facts and circumstances as the class action currently pending before the Court under docket number 15-7658 ("Class Action"). The Court assumes the parties' familiarity with the underlying facts and recites the facts only to the extent necessary to decide these motions.

The Complaints allege that Valeant engaged in deceptive practices, which Defendants concealed through materially false and misleading statements and omissions, causing securities to trade at artificially inflated prices and, once the truth was revealed, resulted in losses to the Plaintiffs. (Am. Compl. ¶¶ 1-9, 141-243.) Specifically, Plaintiffs allege Valeant secretly created a captive specialty pharmacy, Philidor, and then used Philidor to establish a network of pharmacies to function as an illegitimate channel to increase sales of Valeant products. (*Id.* ¶¶ 71-92; 192-96.) Plaintiffs allege Valeant failed to include necessary information about Philidor, a variable interest entity ("VIE"), in its financial statements, (*id.* ¶¶ 93-103, 197-208), hid the truth about its relationship with Philidor, (*id.* ¶¶ 209-14), and misled investors about the drivers of Valeant's growth, assuring investors that organic volume increases in sales were responsible for Valeant's

success, when in reality Valeant's increased revenue was the result of steeply raising prices (*id.* ¶¶ 117-140, 201-02, 233-43).

Plaintiffs allege that Defendants knew or recklessly disregarded the truth when making materially false and misleading statements and omissions that Plaintiffs relied upon in purchasing the securities at issue. (*Id.* ¶¶ 243-46.) In the Complaints, Plaintiffs specifically identify several statements they contend were false and/or misleading. (*Id.* ¶¶ 126-29, 136, 197-202, 204-61.) According to Plaintiffs, as the truth about Valeant's practices was disclosed to the public, between October 4, 2015 through March 15, 2016, Valeant's stock price fell from over $250 per share to under $25 per share. (*Id.* ¶¶ 1, 12, 141-191.) Plaintiffs now seek compensatory damages for the investment losses they suffered and costs and fees incurred in this action. (*Id.* at 106.)

In each of these cases, the respective Plaintiffs bring claims under: (1) Securities and Exchange Act of 1934 ("Exchange Act") § 10(b) and Rule 10b-5 thereunder ("Section 10(b)"); (2) Exchange Act § 20(a) (against Pearson and Schiller only); (3) Exchange Act § 18 ("Section 18"); and (4) negligent misrepresentation. Defendants move to dismiss Counts III and IV in their entirety and to limit the scope of Count I. Schiller also moves to limit to the scope of Counts III and IV. Finally, Pearson moves to limit the scope of Count II.

## II. Legal Standard

When analyzing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the

court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Where a plaintiff pleads fraud, however, the plaintiff "must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b)." *Zuniga v. Am. Home Mortg.*, No 14-2973, 2016 WL 6647932, at *2 (D.N.J. Nov. 8, 2016). "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). Additionally, the Private Securities Litigation Reform Act ("PSLRA") requires that a securities fraud complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 490 (3d Cir. 2016) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006)).

### III. Discussion

Defendants move to dismiss Plaintiffs' claims under Section 18 of the Exchange Act for failure to meet Section 18's heightened standard for pleading reliance and based on arguments that certain Section 18 claims are untimely. (Valeant's Moving Br. 8-12, ECF No. 37-1.)[6] Defendants

---

[6] *See also* Schiller's Moving Br. 3-4, ECF No. 38-1, Pearson's Notice of Mot. 3, ECF No. 39. Pearson and Schiller incorporate and rely on Valeant's arguments where their positions overlap.

also move to dismiss all of Plaintiffs' negligent misrepresentation claims arguing: (i) Plaintiffs have not adequately pled reliance; (ii) the claims are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"); and (iii) New Jersey does not recognize a negligent misrepresentation action in this context. (Valeant's Moving Br. at 13-19.) Schiller also argues that all of the Section 18 and negligent misrepresentation claims against him should be limited to the time he served as Chief Financial Officer ("CFO"). (Schiller's Moving Br. 4-5.) Finally, Defendants argue that Defendants cannot be liable under Section 10(b) for purchases made after October 30, 2015 because the "truth" was disclosed by this time. (Valeant's Moving Br. 19-22.) Pearson argues this reasoning should also apply to limit the scope of the Section 20(a) claims because liability under Section 20(a) is derivative of liability under Section 10(b). (Pearson's Notice of Mot. 3.)

### A.   Exchange Act Section 18 (Count III)

Section 18 creates a private remedy for damages resulting from the purchase or sale of a security in reliance upon a false or misleading statement contained in any document or report filed with the SEC. 15 U.S.C. § 78r(a).[7] In order to state a claim under Section 18, Plaintiffs must plead

---

They also raise many of the same arguments. For efficiency, the Court omits duplicative citations to Pearson and Schiller's briefing where Defendants raise the same substantive arguments.

[7] In pertinent part, Section 18 provides:

> Any person who shall make or cause to be made any statement in any application, report, or document . . . which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person . . . who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading.

15 U.S.C. § 78r(a).

actual reliance on a false or misleading statement. *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d at 283. A Section 18 claim, however, does not require that defendants acted with scienter or any particular state of mind. *Id.*; *see also In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 193 (1st Cir. 2005); *Magna Inv. Corp. v. John Does One Through Two Hundred*, 931 F.2d 38, 39-40 (11th Cir. 1991).

Defendants argue that Plaintiffs' claims under Section 18 fail to meet the heightened pleading requirements for reliance because Plaintiffs did not identify the particular transactions made in reliance on the alleged false or misleading statements. (Valeant's Moving Br. at 7-10, ECF No. 37-1.) Defendants argue that the Complaints "simply list purchase dates spanning years in exhibits, without specifying which purchases were made in reliance on which statements in which filings." (*Id.* at 9.) Valeant cites two cases—both from the Southern District of New York—in support of Defendants' argument that Plaintiffs must tie every purchase to a relied-upon statement to survive a motion to dismiss. (*Id.* at 9-10.) In response, Plaintiffs argue that the cases cited by Defendants are factually distinguishable and, in any event, involve a requirement "that does not exist in this Circuit and, . . . has not even been accepted by the federal courts in New York." (Pls.' Opp'n Br. 14.) Plaintiffs contend that no court in the Third Circuit has adopted the "linkage" requirement and, to the contrary, courts in the circuit have held that "[r]equiring plaintiffs to link particular misrepresentations with particular trades in their allegations of direct reliance would impose additional burdens without significantly improving the quality of notice to defendants and without affording much added protection from reputation-endangering and extortionate frivolous suits." (*Id.* at 12 (citing *WM High Yield Fund v. O'Hanlon*, No. 04-3423, 2005 WL 6788446 (E. D. Pa. May 16, 2015) and *Argent Classic Convertible Arbitrage Fund L.P. v. Rite Aid Corp.*, 315 F. Supp. 2d 666, 678 (E.D. Pa. 2004)); *see also In re Able Labs. Sec. Litig.*,

No. 05-2681, 2008 WL 1967509, at *1, *10, *26 (D.N.J. Mar. 24, 2008). The Court agrees. The Court is not persuaded that Plaintiffs must link every purchase to a specific misstatement to meet Section 18's pleading requirement. Plaintiffs have identified the statements on which they relied, in specific documents filed with the SEC, and plead actual "eyeball" reliance on these documents and statements in purchasing the securities at issue. (Am. Compl. ¶¶ 192-208, 340-49.) The Court therefore finds that Plaintiffs have satisfied the standard for pleading actual reliance under Section 18.

Defendants also argue that the Section 18 claims should be limited, specifically in *Incline Global*, *VALIC*, and *Janus*, because certain purchases occurred prior to February 28, 2014—the date of the earliest SEC filing at issue—and therefore "reliance allegations are not just implausible—they are impossible." (Valeant's Moving Br. 10.) In response, however, Plaintiffs clarified that "[a]s the Complaints themselves make clear, Plaintiffs' purchases made before February 28, 2014 are not encompassed within their Section 18 claims, and were never intended to be." (Pls.' Opp'n Br. 16.) The Court agrees that a reasonable reading of the Complaint establishes what Plaintiffs explain and the Court need not engage in a further analysis of this issue.[8]

Next, Defendants argue that Plaintiffs' "blanket allegations of reliance" are not plausible, as they require the Court to "assume that investment analysts at some of the country's largest and most sophisticated funds purchased Valeant stock *as a result of* generic representations about

---

[8] Defendants also argue that any purchases made prior to October 2013 should be barred by Section 18's Statute of Repose. (Valeant's Moving Br. 11-12.) Plaintiffs dispute this assertion and argue that "Section 18's three-year period is a run-of-the-mill statute of limitations that is subject to tolling" and therefore any claims prior to October 2013 were actually tolled by the filing of the class action. (Pls.' Opp'n Br. 16-17.) This issue, however, is mooted by Plaintiffs' unequivocal statement that any purchases made before February 28, 2014 are not encompassed in Plaintiff's Section 18 claims. (*Id.* at 16.) Because all of the claims that could potentially be barred by the three-year period in Section 18 occurred in or before October 2013, the Court need not address the arguments relating to the timeliness of these filings.

accounting, internal controls, and SOX certifications required for every publicly traded security, or *as a result of* portions of SEC filings made years earlier." (Valeant's Moving Br. at 10.) Plaintiffs respond that "there is nothing 'implausible' about Plaintiffs' reliance on the specific misstatements identified in this case," and argue that an investor would refuse to purchase stock in a company that publicly admits it does not comply with these requirements. (Pls.' Opp'n Br. 14-15.) The Court is not persuaded by Valeant's argument. Valeant did not cite, and the Court is not aware of, any case law in support of their argument that "generic" representations cannot form the basis of a Section 18 claim where the pleading requirements are otherwise met. Plaintiffs have adequately pled the cause of action and the Court finds that the Plaintiffs have stated a plausible claim.

Finally, Schiller argues that Counts III and IV against Schiller in *BlueMountain*, *VALIC*, and *Janus* should be dismissed to the extent the Counts rely on any statements in Valeant's 10-Qs for the second or third quarters of 2015 because Schiller stepped down as CFO in June 2015. (Schiller's Moving Br. 4-5.) Schiller also argues these statements are immune from Section 18 liability pursuant to the safe harbor exempting "financial information" furnished in Form 10-Qs (*id.* at 4) and these statements cannot be attributed to Schiller because he was no longer the CFO at the time of these filings (*id.* at 5). Plaintiffs respond that the statements at issue in the 10-Qs are not exempted "financial information" and all of the statements are attributable to Schiller because he remained a Director of Valeant when the reports were made, even though he was no longer the CFO. (Pls.' Opp'n Br. 17 n.4.) Reviewing the Complaints in the light most favorable to Plaintiffs, the Court finds that Schiller has not established as a matter of law that he is entitled to these limitations. Neither of these issues should be determined on these pleadings. Moreover, the

10

analysis of whether certain statements can be attributed to Schiller while he served as a Director of Valeant will be fact intensive and is inappropriate for resolution at this stage of the proceedings.

Accordingly, Defendants' Motions to Dismiss Count III are **DENIED** and Schiller's Motion to limit Counts III and IV against him in *BlueMountain*, *VALIC*, and *Janus* is **DENIED**.

### B. Negligent Misrepresentation (Count IV)

Each of the Complaints includes a claim for common law negligent misrepresentation. (*See* Am. Compl. ¶¶ 351-59.) Defendants argue that the SLUSA preempts Plaintiffs' negligent misrepresentation claims and, even if the claims are not preempted, Plaintiffs cannot state a claim for negligent misrepresentation because they have not adequately pled reliance[9] and the claim is not limited to an "identifiable class" of Plaintiffs. (Valeant's Moving Br. 13-19.)

The SLUSA preempts[10] any claim that "(1) make[s] use of a procedural vehicle akin to a class action, and (2) allege[s] a misrepresentation or deceptive device in connection with a securities trade." *LaSala v. Bordier et Cie*, 519 F.3d 121, 128 (3d Cir. 2008). A "covered class action" for purposes of SLUSA preemption includes "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact in which (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii).

---

[9] Defendants' reliance arguments here are premised on the same arguments Defendants set forth in support of their motion to dismiss the Section 18 claims. For the same reasons stated *supra* in Part III.a, the Court finds that Plaintiffs have adequately pled reliance.

[10] SLUSA preemption is only as to the *procedural* aspect of the claims. As the Supreme Court has explained, the "SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class-action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006).

Here, Plaintiffs dispute whether this is a "covered class action" sufficient to trigger SLUSA preemption, specifically whether the "group of lawsuits . . . otherwise proceed as a single action for any purpose." (Pls.' Opp'n Br. 22-27.) Relying on the canons of statutory construction, Plaintiffs argue that the statutory language requires some formal consolidation. Plaintiffs argue that the phrase "otherwise proceed as a class action" is limited to lawsuits that are "related to each other in a way that is similar to being 'joined' or 'consolidated.'" (*Id.* at 24.) Plaintiffs argue that "since the inception of these cases, Plaintiffs have resisted Defendants' attempts to formally coordinate them with the class action through a stay of proceedings or otherwise. SLUSA, therefore, does not apply." (*Id.* at 26.)

Defendants dispute that any type of formal consolidation or joinder is necessary and argue that these lawsuits meet the criteria for SLUSA preemption. (Valeant's Moving Br. 14-16; Valeant Reply Br. 7-8, ECF No. 54.) Defendants rely on *Stichting Pensioenfonds ABP v. Merck & Co.*, No. 05-5060, 2012 WL 3235783 (D.N.J. Aug. 1, 2012) in support of their argument that these actions are a "covered class action" under the SLUSA. (*Id.*) In *Stichting*, the Court adopted the reasoning of *Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 375 (S.D.N.Y. 2010), finding that requiring formal joinder or consolidation of lawsuits would render "the latter category of covered actions—lawsuits that 'otherwise proceed as a single action for any purpose'—entirely redundant." *Stichting*, 2012 WL 3235783, at *14. This Court agrees. Contrary to Plaintiffs' argument, the statutory language indicates that a group of lawsuits can trigger preemption without any formal joinder or consolidation. *Id.*; *see also Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1347 (11th Cir. 2008). The issue, then, is whether these lawsuits "otherwise proceed as a single action for any purpose" so as to trigger preemption.

The Court is satisfied that the level of coordination in these related matters—whether the Court considers only these six actions; these six actions and the class action; or these six actions, the class action, and the other opt-out[11] actions—triggers SLUSA preemption. In these six actions alone, the lawsuits include fifty-five named Plaintiffs and are premised on the same factual and legal theories. In fact, these six lawsuits include identical defendants, the same four causes of action, and were filed (by the same counsel) within four days of each other. Counsel later agreed to designate *Janus* as the "lead case" in a Stipulated Order that included the captions for all six of these matters. (April 12, 2017 Am. Stipulation and Order ¶ 1.) In addition, on these eighteen motions to dismiss, all fifty-five Plaintiffs submitted a single omnibus brief that they filed in each of the six actions. On these six actions alone, therefore, the cases proceeded as a single action for purposes of these motions to dismiss.

These six actions are also related to the Class Action, which Plaintiffs explicitly identified on their Civil Cover Sheets filed with the Complaints. (ECF No. 1-21.) Of significant importance to the Court, Plaintiffs actually rely on the Court's decision in the Class Action in connection with these motions. Where Defendants argued that the scope of Count I should be limited to purchases made before October 30, 2015, Plaintiffs responded that this was an inappropriate attempt by Plaintiffs to re-litigate an issue already decided by the Court. (Pls.' Opp'n Br. 18 ("As a preliminary matter, this argument has already been considered and effectively rejected by this Court. In moving to dismiss the class complaint, Defendants argued that the class had failed to plead loss causation after October 30, 2015 because the truth had supposedly been fully disclosed by that point. . . . Defendant's 'new' reliance argument is a thinly-veiled attempt to repackage their

---

[11] The parties discussed four other opt-out actions in their briefs. The Court notes that since the conclusion of briefing, several other opt-out actions have also been filed. All of these actions are based on the same facts and all pending in this district before the undersigned.

13

previously-rejected loss causation argument, and should be rejected as such.") (internal citations omitted).) Further, where Defendants refrained from challenging claims that were already addressed by the Court in the Class Action, Plaintiffs acknowledged "[t]his Court has already held that investors in Valeant securities . . . can pursue securities fraud claims against Defendants . . . . In light of that decision, Defendants do not challenge the core of Plaintiffs' allegations against them . . . ." (Pls.' Opp'n Br. 1.) The Court, therefore, is unpersuaded by Plaintiffs' argument that each of these six actions are separate and independent from each other and/or the Class Action and the other opt-out actions, so that Plaintiffs should be permitted to bring their claims for negligent misrepresentation. The Court finds that these matters are proceeding as a "covered class action" under the SLUSA and Plaintiffs' attempt to argue otherwise, just as in *Stichting*, is "an expedient position at odds with the parties' conduct and the Court's handling" of the cases. *Stichting*, 2012 WL 3235783, at *15.

For all of these reasons, the Court finds that Plaintiffs' negligent misrepresentation claims are preempted. The Court, therefore, **GRANTS** Defendants' Motions to Dismiss Count IV of the respective Complaints.[12]

### C. Exchange Act 10(b) and Rule 10(b)(5) (Count I)

Finally, with regard to Count I in *Discovery Global, Blue Mountain, VALIC*, and *Janus*, Defendants argue that the Count should be limited to securities purchases that occurred prior to October 30, 2015. (Valeant's Moving Br. 19-22.) Valeant argues that "this Court should find that the 'truth was revealed' by no later than October 30, 2015" (*id.* at 22), which would preclude Plaintiffs from relying on the fraud-on-the-market theory for purchases that occurred after this

---

[12] Because the Court grants the motions with respect to preemption, the Court need not address the issue of whether negligent misrepresentation is a cognizable claim under New Jersey law on these facts.

14

date.  Plaintiffs respond by arguing that this issue has already been rejected by the Court in connection with the loss causation issue in the Class Action, but, in any event, this is a highly fact-specific affirmative defense that Defendants have not established. (Pls.' Opp'n Br. 18.) Plaintiffs argue that the truth about Valeant's operations was only partially disclosed by October 2015 and identify subsequent disclosures that Plaintiffs believe caused artificial inflation to drop out of the stock price through March 15, 2016. (*Id.* at 20-21.)

Under the fraud-on-the-market presumption, the price of a security is "assumed to have incorporated the alleged misrepresentations" and a Section 10(b) plaintiff "is entitled to a presumption of reliance if he bought securities in an efficient market." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 373 (3d Cir. 2002). A defendant can rebut the presumption that misrepresentations affected the price of its stock by showing that the truth of the matter was already known. *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000) (citing *Provenz v. Miller*, 102 F.3d 1478, 1492 & n.4 (9th Cir. 1996)). The defendant seeking to dismiss a claim on this basis must establish that as a matter of law, the statement or omission is not misleading because the true facts have already entered the market. *In re Enzymotec Sec. Litig.*, No. 14-5556, 2015 WL 8784065, at *16 (D.N.J. Dec. 15, 2015.) Courts recognize that this question is highly fact specific and rarely appropriate for resolution at the pleadings stage. *Ganino*, 228 F.3d at 167 (citing *Prozenz*, 102 F.3d at 1493 (explaining that the defense can only be established if "no rational jury could find that the market was misled.")).

The Court declines to limit Count I at this time. The Complaints, when read in the light most favorable to Plaintiffs, do not conclusively establish that the full "truth was revealed" to the market by October 30, 2015. The Court, therefore, **DENIES** Defendants' motions with respect to Count I of these four matters.

Defendant Pearson argues that the claims under Section 20(a) of the Exchange Act (Count II) should be limited in the same way and for the same reasons as Count I because Section 20(a) liability is derivative of Section 10(b) liability. (Pearson's Notice of Mot. 3.) For the same reasons set forth with regard to the Section 10(b) claims, the Court **DENIES** Defendant Pearson's motion with respect to Count II of the Complaints.

## IV.   Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are (i) **DENIED** as to Count I; (ii) **DENIED** as to Count III; and (iii) **GRANTED** as to Count IV. In addition, Defendant Pearson's Motions to limit the scope of Count II are **DENIED** and Defendant Schiller's Motions to limit the scope of Counts III and IV in *BlueMountain*, *VALIC*, and *Janus* are **DENIED**. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: January 10th, 2018